### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO
### Honorable Howard R. Tallman

| | |
|---|---|
| In re: ) | |
| ) | |
| **MICHAEL RYAN REYNOLDS and** ) | **Case No. 11-30984 HRT** |
| **LORRAINE DIANE REYNOLDS,** ) | |
| ) | **Chapter 13** |
| **Debtors.** ) | |
| ————————————————— ) | |

## ORDER ALLOWING CLAIMS

This case comes before the Court on Debtors' *Verified Motion to Disallow Proof of Claim #1-1* (docket #33); Debtors' *Verified Motion to Disallow Proof of Claim #4-1* (docket #37); Debtors' *Verified Motion to Disallow Proof of Claim #5-1* (docket #39); Debtors' *Verified Motion to Disallow Proof of Claim #10-1* (docket #41); and Debtors' *Verified Motion to Disallow Proof of Claim #11-1* (docket #43) (collectively, the "Motions").

### I. FACTS

The Debtors have filed their Motions objecting to proofs of claim filed by five of their creditors. All five of the Debtors' Motions identify the creditor filing the proof of claim as a creditor, or the successor in interest to a creditor, identified on the Debtors' Schedule F. The Debtors did not schedule any of the five debts as contingent, unliquidated or disputed. Thus, the Debtors have not claimed any bona fide dispute as to the debts they scheduled as owed to the five creditors. They acknowledge owing debts to the five creditors as follows:

| Creditor | Account No. | Amount |
|---|---|---|
| Discover Card | XXX 4986 | $6,024.00 |
| Bank of America | XXXX 8545 | $9,058.00 |
| Bank of America | XXXX 3936 | $14,307.00 |
| Premier Bankcard Inc. | 5178 0062 6569 XXXX | $517.00 |
| Capital One | [blank] | $17,019.00 |
| | **Total** | **$46,925.00** |

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

The five creditors filed proofs of claim on those same scheduled debts as follows:

| Claim No. | Claimant | Creditor Referenced in Debtors' Motion Objecting to Claim | Last Four Digits of Account No. | Amount |
|---|---|---|---|---|
| 1-1 | Discover Bank | Discover Card | 4986 | $6,627.69 |
| 4-1 | FIA Card Services, N.A. as successor in interest to Bank of America, N.A. (USA) and MBNA America Bank, N.A. | Bank of America | 8545 | $10,337.46 |
| 5-1 | FIA Card Services, N.A. as successor in interest to Bank of America, N.A. (USA) and MBNA America Bank, N.A. | Bank of America | 3936 | $15,328.95 |
| 10-1 | Premier BankCard/Charter | Premier Bankcard Inc. | 2592 | $552.74 |
| 11-1 | Back Bowl I LLC, Series B | Capital One | 6639 | $17,981.03 |
| | | | TOTAL | $50,827.87 |

## II.  DISCUSSION

The sole basis for objection stated in all five of the Motions to disallow the claims is that the creditors had failed to attach documentation to their proofs of claim in compliance with FED. R. BANKR. P. 3001(c)(1).  That subsection of the rule states that

> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

FED. R. BANKR. P. 3001(c)(1).  Debtors allege that all five claims are based on written credit card agreements.  The attachments to the filed claims do not purport to be the written agreements upon

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

which the debts are based. Instead, all five claims are accompanied by account summaries.[1] The summaries differ in format but the differences are not material. The Court finds that none of the five proofs of claim are in compliance with the requirement stated in Rule 3001(c)(1) to attach the writing upon which the claim is based.

A.  The Creditors' Default

       None of the affected creditors filed responses to the Motions. The Debtors filed Certificates of Non-Contested Matter and requested the Court to enter orders disallowing the five claims in their entirety.

       A claim objection is a contested matter to which FED. R. BANKR. P. 9014 applies. Rule 7055, FED. R. BANKR. P., is applicable to contested matters under Rule 9014. Rule 7055, in turn, adopts FED. R. CIV. P. 55 as the standard for granting default judgments.

       Before granting judgments or entering orders on motions after a party's default, as a matter of routine, the Court examines the legal basis for the relief requested. A party's default is no justification for a court to enter an order for relief that is not permitted under the law. In *Nishimatsu .Const. Co. Ltd. v. Houston National Bank*, 515 F.2d 1200 (5th Cir. 1975), the Fifth Circuit explained that a party's default

       does not in itself warrant the court in entering a default judgment. There must be a
       sufficient basis in the pleadings for the judgment entered. . . . [A] default is not
       treated as an absolute confession by the defendant of his liability and of the
       plaintiff's right to recover.

*Id*. at 1206 (citing *Thompson v. Wooster*, 114 U.S. 104, 113 (1885)). In the case of *Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353 (S.D. Ga. 2004), the court explained that "[w]hile the well-pleaded *facts* alleged in the Complaint are deemed admitted, plaintiff's *conclusions* of law are not, and the Court may grant only the relief for which a sufficient basis is asserted . . . ." *Id*. at 1356 (emphasis in original).

---

       [1] In the past, courts have found that a summary could be attached to a proof of claim *instead* of voluminous documents. *See, e.g., In re Dove-Nation*, 318 B.R. 147, 151 (B.A.P. 8th Cir. 2004). However, the instructions on the 12/08 and 04/10 versions of Official Form 10 inform creditors that "[y]ou may also attach a summary." Thus the language used suggests that the summary is not a substitute for the requirement to attach documents but a means of summarizing the claim when the documents are numerous. The newer 12/11 version of Official Form 10 clarifies the instructions by stating that "[y]ou may also attach a summary in addition to the documents themselves."

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

The Supreme Court made a similar point in the case of *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367 (2010). The focus of *Espinosa* was a student loan creditor's Rule 60(b) motion for relief from the order confirming a chapter 13 plan that improperly provided for the discharge of a student loan debt. The court found no grounds to grant relief from the confirmation order under Rule 60(b). *Id.* at 1376-1380. At the same time, the court also made clear that it was legal error for the bankruptcy court to have confirmed the plan in question even though the affected creditor failed to respond and that, notwithstanding the creditor's default, the bankruptcy court should have reviewed the plan and denied confirmation. *Id.* at 1381 n.14.

The Debtors ask the Court to enter an order denying the creditors' claims solely on the basis that the creditors failed to attach documents to their proof of claim in compliance with Rule 3001(c)(1). The fact of the creditors' non-compliance is clear. Before granting the Motions by default, the Court must satisfy itself that the Debtors have stated a legally sufficient ground for claim disallowance.

B.  *In re Kirkland*

The Debtors cite to the bankruptcy court case of *In re Kirkland*, 361 B.R. 199 (Bankr. D. N.M. 2007), *rev'd sub nom, B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341 (B.A.P. 10th Cir. 2007), *rev'd sub nom, Caplan v. B-Line, LLC (In re Kirkland)*, 572 F.3d 838 (10th Cir. 2009), for the proposition that a proof of claim may be disallowed based solely on a creditor's failure to attach the documentation required under Rule 3001(c)(1) to the proof of claim. As discussed below, the Debtors' reliance on *Kirkland* is misplaced.

The *Kirkland* case spawned published opinions in the bankruptcy court; the Bankruptcy Appellate Panel for the Tenth Circuit (the "B.A.P."); and the Tenth Circuit Court of Appeals. It is a case that shares important features with this one. The debtor had scheduled the debt to the creditor in an amount consistent with the creditor's claim and the claim was objected to solely on the basis that the creditor failed to comply with Rule 3001(c)'s requirement to attach documentation. One distinguishing factor is that, in *Kirkland*, it was the chapter 7 trustee who lodged the objection. Another is that the *Kirkland* creditor filed a response to the trustee's objection and the bankruptcy court held an evidentiary hearing on the objection. The bankruptcy court disallowed the creditor's claim based on its failure to carry its burden of proof. 361 B.R. at 202 ("The placement of the burden of proof in the claims adjudication process controls the outcome of this case."). The Tenth Circuit affirmed the bankruptcy court. 572 F.3d at 840 ("The bankruptcy court appropriately determined that because B-Line bore the burden of proof for its claim and failed to meet its burden, its claim was disallowed.").

Following the bankruptcy court's disallowance of the creditor's claim, and before the final appeal to the Tenth Circuit, the creditor appealed to the B.A.P. The B.A.P. held that, as a matter of law, the trustee's objection failed because it alleged none of the statutory grounds for disallowing a claim under 11 U.S.C. § 502(b). Instead, the objection alleged only that the creditor

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

had failed to attach documentation to its proof of claim as required under Rule 3001(c).  In the B.A.P.'s view, the trustee's objection could not be sustained because it fell outside the exclusive list of grounds for disallowing claims under the statute.  *B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341, 347 (B.A.P. 10th Cir. 2007) ("the language of [11 U.S.C. § 502] is clear and unambiguous in establishing an exclusive list of grounds for disallowance.  It does not include a failure to conform with the Rule's requirements.").  The Tenth Circuit reversed the B.A.P.

The Tenth Circuit decision in *Kirkland* must be read as establishing a rule that adds a creditor's failure to attach documents to its proof of claim as an independent ground for denial of the claim as a matter of law.  But intervening changes to the Bankruptcy Rules require the Court to question whether that aspect of *Kirkland's* holding continues to control the issue currently before the Court.

The *Kirkland* decisions in the bankruptcy court and in the Tenth Circuit both rely on the claim documentation requirement in Rule 3001(c).  The Tenth Circuit issued its opinion on July 14, 2009.  Rule 3001 subsequently was revised, effective on December 1, 2011.  The changes to Rule 3001 are directed at claim documentation and the appropriate sanction for failure to comply with Rule 3001's documentation requirement.  The Rule's documentation requirements and the penalty for failure to comply with those requirements go to the heart of the issues addressed by the *Kirkland* Courts and require the Court to examine the effect of those changes on *Kirkland's* continued viability.

Prior to the rule revision, Rule 3001(c) stated:

When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

FED. R. BANKR. P. 3001(c) (2010).

That language remains unchanged in the revised rule.  It was simply re-designated in the revised rule, with no substantive changes, as Rule 3001(c)(1).  A new Rule 3001(c)(2) was added containing additional requirements applicable only to "a case in which the debtor is an individual."  Rule 3001(c)(2)(A) requires itemization of pre-petition interest, fees, expenses and other charges; Rule 3001(c)(2)(B) requires a secured creditor to include a statement of the amount necessary to cure any default; and Rule 3001(c)(2)(C) prescribes rules applicable to claims secured by the debtor's principal residence.  Finally, Rule 3001(c)(2)(D) provides specific penalties a court may impose, in an individual case, for a creditor's failure to comply with the documentation requirements.

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

The new Rule 3001(c)(2)(D) is pertinent to the Court's question concerning whether or not the *Kirkland* cases continue to control the issue of whether a claim may be disallowed on the basis of the claimant's failure to attach documentation prescribed by Rule 3001(c). *Kirkland* specifically addressed the penalty a creditor suffers when that creditor fails to attach documents to the proof of claim in accordance with Rule 3001(c). Since the *Kirkland* cases relied heavily on Rule 3001 and Rule 3001 was subsequently revised to specifically address the issue of what penalty a court may assess toward a creditor who fails to comply with Rule 3001(c)'s documentation requirement, the Court believes it must follow the revised Rule 3001 with respect to that issue. To the extent that *Kirkland's* holding is inconsistent with language added to Rule 3001 since *Kirkland* was decided, the Court believes it must rely on the revised Rule 3001.

As a general matter, unless a contrary congressional intent is shown, *statutes* are generally applied prospectively only and not retroactively to pending matters. *Landgraf v. USI Film Products*, 511 U.S. 244, 266-293(1994). But, "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Id.* at 275.[2] This bankruptcy case was filed on August 31, 2011, a few months before the revisions to Rule 3001. The proofs of claim at issue were also filed prior to the December 1, 2011, effective date of the revisions. However, it was the Motions to disallow the respective claims at issue here that effectively initiated this contested matter. Those Motions were filed following the effective date of the new Rule 300l, on January 19, 2012. Therefore, the Court will apply the revised Rule 3001 to the matter currently before the Court.

Rule 3001(c)(2)(D) reads as follows:

If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

(i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

---

[2] The Supreme Court Order transmitting the rule changes reads as follows: "That the foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2011, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." 2011 US Order 0018 (April 26, 2011) (Westlaw).

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

FED. R. BANKR. P. 3001(c)(2)(D) (2011).  The rule states that "the court may . . . *take either or both of the following actions*.  The intent of the rule is clear that the courts are limited to penalizing a creditor's non-compliance with Rule 3001(c) only by taking one or both of the measures set out in Rule 3001(c)(2)(D)(i) and (ii).  Those are the exclusive remedies.

Neither Rule 3001(c)(2)(D)(i) nor (ii) include disallowance of the claim as a permissible remedy.  However, Rule 3001(c)(2)(D)(ii) does introduce a note of ambiguity when it allows a court the discretion to "award other appropriate relief . . . ."  Under customary rules of construction "other appropriate relief" is construed to allow a remedy of the same character as the specifically enumerated example of " reasonable expenses and attorney's fees caused by the failure."  *Dept. of Labor v. Perini North River Associates*, 459 U.S. 297, 327 (1983) ("[O]ne of the oldest and most respected rules of statutory construction teaches us that general terms should be construed in the light of the specific examples that are expressly identified as included therein.").  Claim disallowance falls far outside the ambit of any permissible interpretation of the scope of a court's discretion under Rule 3001(c)(2)(D)(ii).

However, any conceivable ambiguity is put to rest by reference to the Rules Advisory Committee Note.  The Committee explained the new Rule 3001(c)(2)(D) as follows:

> Subparagraph (D) of subdivision (c)(2) sets forth sanctions that the court may impose on a creditor in an individual debtor case that fails to provide information required by subdivision (c).  *Failure to provide the required information does not itself constitute a ground for disallowance of a claim.  See* § 502(b) of the Code.  But when an objection to the allowance of a claim is made or other litigation arises concerning the status or treatment of a claim, if the holder of that claim has not complied with the requirements of this subdivision, the court may preclude it from presenting as evidence any of the omitted information, unless the failure to comply with this subdivision was substantially justified or harmless.  The court retains discretion to allow an amendment to a proof of claim under appropriate circumstances or to impose a sanction different from or in addition to the preclusion of the introduction of evidence.

FED. R. BANKR. P. 3001 Advisory Committee Note (2011) (emphasis added).[3]

---

[3] *See also* Report of the Judicial Conference Committee on Rules of Practice and Procedure, 2011 US Order 0018 (April 26, 2011) (Westlaw) ("The Committee Note specifically recognizes that a creditor's failure to provide the required information under the proposed amendment to Rule 3001(c) is not in itself a ground for disallowance of the claim.  The claim can be disallowed only if it comes within one of the grounds for disallowance under § 502(b) of the Bankruptcy Code.").

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

Thus, the revised Rule 3001 makes it clear that a creditor who fails to fully comply with the documentation requirements of Rule 3001(c), primarily faces the *evidentiary* sanction of being precluded from introducing its documents at a subsequent hearing on a substantive objection to its proof of claim under § 502(b).  Conversely, Rule 3001(c) does not provide authority for this Court to deny a creditor's claim based solely on its failure to attach documentation to its proof of claim under Rule 3001(c).  Because claim disallowance falls outside of the remedies enumerated under Rule 3001(c)(2)(D), the rule precludes such a remedy.  Since the Motions stated no substantive objection under § 502(b) to the creditor claims, they have failed to state any ground upon which the Court may grant the requested relief and the Motions must be denied.

C.  Judicial Estoppel

Even if the failure to attach documents under Rule 3001(c)(1) could be viewed as an independent ground to disallow a claim under the current version of the Bankruptcy Rules, The doctrine of judicial estoppel precludes the Court from granting the Debtors' Motions under the particular facts of this case.

The Debtors listed each of the five debts at issue here in their bankruptcy schedules in order to obtain the valuable benefit of being able to discharge whatever portion of those debts remains unpaid after completion of their chapter 13 plan.  Unlike a trustee, who is not bound by statements appearing in schedules he is not responsible for preparing, the Debtors are responsible for their own sworn statements.  The doctrine of judicial estoppel prevents the Debtors from now denying liability for their scheduled debts.  "The purpose of the doctrine [of judicial estoppel] is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001).

There is no uniform test for when it is appropriate to apply the doctrine of judicial estoppel.  "A variety of purposes are pursued under the judicial estoppel banner, and different courts emphasize different purposes. The most central purpose is to protect all courts against becoming victims of excessive but potentially effective adversary inconsistency."  18B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4477 (2d ed. 2002). *See also New Hampshire v. Maine*, 532 U.S. at 750-51 ("Courts have observed that '[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle.'") (quoting *Allen v. Zurich Inc., Co.*, 667 F.2d 1162 (4th Cir. 1982)).

[S]everal factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position.  Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. at 750-51 (citations omitted).

The Court finds that the Debtors' current denial of liability on the five claims is "clearly inconsistent" with their scheduling of the same debts at the time they filed their bankruptcy petition.

The second factor listed above applies to contradictory positions taken in separate legal proceedings. In a context such as this, where the earlier position was taken in the same case, the focus is on whether the Debtors gained an advantage by advocating a position earlier in the case that is inconsistent with the position they now take. Certainly that is the case. The Debtors gain the distinct advantage of discharging those debts that are listed in their schedules and have either been provided for under their chapter 13 plan or disallowed. They now seek to retain the privilege of discharging each of the five debts at issue here – and on which they have admitted liability under oath – by seeking their disallowance on a purely procedural ground.

Unfairness is the third of the considerations mentioned by the court in *New Hampshire v. Maine*. *Id.* The court cannot find any unfairness as regards the individual claimants. The claimants after all have not responded to the Debtors' Motions and are entitled to scant deference from the Court. But "the purpose of *judicial estoppel* is not to protect the litigants; it is to protect the integrity of the judicial system." *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999) (emphasis in original). *See also New Hampshire v. Main*, 532 U.S. 742, 750 (2001) ("Because the rule is intended to prevent 'improper use of judicial machinery,' judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'") (citations omitted); *Scarano v. Central R. Co. of N.J.* 203 F2d 510, 513 (3d Cir. 1953) ("A plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention. Such use of inconsistent positions would most flagrantly exemplify that playing 'fast and loose with the courts' which has been emphasized as an evil the courts should not tolerate.") (citations omitted).

Debtors here attempt to make an end run around a key provision of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005) ("BAPCPA"). For better or worse, a major change wrought by BAPCPA was to require above-median income debtors in chapter 13 to pay a minimum amount of their disposable income over

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

five years to their unsecured creditors or to pay 100% of unsecured claims.  11 U.S.C. § 1325(b).
By filing blanket objections to claims on lack of documentation grounds, if enough creditors fail
to respond, the aggregate amount of unsecured claims may be significantly reduced so that the
Debtors can pay 100% of allowed claims without paying out the BAPCPA minimum payment
over the life of the plan.  Of course, that is perfectly legitimate when debtors are stating
substantive grounds for objection to the claims.  Debtors here have not made a substantive
argument that disallowance of the claims is justified.  Indeed, they have stated under oath that
they owe each of the five debts.  The Debtors will not be permitted to obtain a discharge of these
debts by listing them in their bankruptcy schedules and, in the same proceeding, repudiate the
very same debts to avoid providing for them in their chapter 13 plan.

     The practice of lodging procedural objections to claims a debtor acknowledges are due
and owing leads to results that are antithetical to the Bankruptcy Code's equitable distribution
scheme.  *See Generally Central Virginia Community College v. Katz*, 546 U.S. 356, 363-64
(2006) ("Critical features of every bankruptcy proceeding are the exercise of exclusive
jurisdiction over all of the debtor's property, the equitable distribution of that property among the
debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him,
her, or it from further liability for old debts.") (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 244
(1934)); *Kothe v. R.C. Taylor Trust*, 280 U.S. 224, 227 (1930) ("The broad purpose of the
Bankruptcy Act is to bring about an equitable distribution of the bankrupt's estate among
creditors holding just demands based upon adequate consideration.").  The unpalatable effects of
allowing this type of claim objection are not limited to chapter 13 cases involving above-median
income debtors.

     In the chapter 7 context, where the chapter 7 estate has assets to distribute, a debtor is a
party in interest with standing to object to creditor claims when successful claim objections may
result in a return of assets to the debtor.  *See, e.g., EDP Medical Computer Systems, Inc. v. U.S.*,
480 F.3d 621, 627 (2nd Cir. 2007) ("Under 11 U.S.C. § 502(a), a 'party in interest' may object to
a proof of claim filed pursuant to § 501.  [Debtor] qualified as a party in interest with respect to
the amended proof of claim because its disallowance would have produced a surplus in the
estate.").  Certainly, when the debtor objects on § 502(b) substantive grounds, there is every
reason to believe that is a result that was fully anticipated by the drafters of the Code and the
Rules.  There is less reason to believe that the drafters intended for assets to be returned to a
debtor in preference to paying creditor claims, on non-substantive grounds, where the debtor has
freely – and under oath – admitted to owing the debts that have been disallowed.

     Indeed, in at least one case, that very fact situation has recently arisen.  It involved an
asset case where the chapter 7 debtors objected to all of the claims filed in the case solely on the
basis of lack of documentation.  *In re Brown*, 2012 WL 384886, *1 (Bankr. D. Colo. Feb. 6,
2012) ("The Debtors originally objected to all of the Proofs of Claim filed in this case on the basis
that they lacked supporting documentation.").  The claims the debtors objected to were listed on
their Schedule F in a manner that was fully consistent with the creditors' claims.  *Id.* ("the

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

Debtors concede, all of the Claims match accounts listed in the Debtors' Schedule F . . . . [and] the amounts claimed either match or vary only slightly from the amounts scheduled for each account."). While the court expressed its discomfort, *Id.* ("As an initial matter, the Court notes that it is troubled by the Claim Objections."), it concluded that it was bound by the *Kirkland* decision to disallow the claims. *Id.* ("[T]he chapter 7 trustee has argued that the Debtors' Schedule F constitutes an admission against interest and that since each creditor has supplied documentation with their claim amendments, the Claim Objections should be denied. . . . The Tenth Circuit, however, has adopted a more liberal standard with respect to claims objections, which is binding on this Court.").[4]

The grand bargain that lies at the heart of a chapter 7 bankruptcy proceeding is that the debtor gives over his non-exempt assets to the trustee for distribution to creditors and, in exchange, he receives a discharge of the remaining unsatisfied portion of his dischargeable debts. When a debtor – or a chapter 7 trustee for that matter – on purely procedural grounds, succeeds in causing the disallowance of a creditor claim that is based on what the debtor acknowledges to be a just debt, confidence in the integrity of the bankruptcy court and in the very most basic precepts of the Bankruptcy Code is severely undermined.

In this case, the Debtors have listed their debts in order to obtain the valuable benefit of a bankruptcy discharge. In the very same proceeding, they now seek to have creditor claims based on the same debts disallowed. Debtors have created precisely the situation that the doctrine of judicial estoppel is intended to address. For the Court to bless that practice diminishes the integrity of the Court and, under the doctrine of judicial estoppel, the Motions must be denied.

D.  Allowance of Claims

If judicial estoppel were the primary ground upon which to deny the Debtors' Motions, it would be appropriate to hold the Debtors to their admissions that they owe the debts upon which the five creditors' claims are based. In each case, the amount of the claim filed by the creditor is somewhat greater than the debt amount appearing in the Debtors' schedules. Thus, under judicial estoppel principles, it would be appropriate to allow the creditor claims only in the amounts scheduled by the Debtors. However, the Court's primary reliance is on Rule 3001(c)(2)(D), under which the Court has found that failure to attach documents in compliance with Rule 3001(c) is not a permissible ground for disallowance of a claim. Because that is the only ground

_____

[4] Not all claims in the case were ultimately disallowed as creditors were given an opportunity to supplement their claims. However, the case does illustrate this Court's concerns. The chapter 7 trustee's final report, (doc #103, Case No. 10-16745 EEB (Bankr. D. Colo.)), reveals that the trustee collected assets for distribution of $60,256.05. Out of total claims amounting to $54,816.06, the court disallowed claims in the amount of $21,239.60. Upon approval of the trustee's final report, the debtors will receive a refund of surplus funds in the amount of $21,643.87.

ORDER ALLOWING CLAIMS
Case No. 11-30984 HRT

relied upon by the Debtors, the Debtors have failed to state any cognizable grounds for disallowance of the creditor claims and the claims shall be allowed in the full amounts reflected in the creditor claims.  Therefore, it is

     **ORDERED** that Debtors' *Verified Motion to Disallow Proof of Claim #1-1* (docket #33) is DENIED and Claim #1.1, filed by Discover Bank, is ALLOWED in the amount of $6,627.69. It is further

     **ORDERED** that Debtors' *Verified Motion to Disallow Proof of Claim #4-1* (docket #37) is DENIED and Claim #4-1, filed by FIA Card Services, N.A., and later assigned to Candicia, LLC, is ALLOWED in the amount of $10,337.46.  It is further

     **ORDERED** that Debtors' *Verified Motion to Disallow Proof of Claim #5-1* (docket #39) is DENIED and Claim #5-1, filed by FIA Card Services, N.A. and later assigned to PRA Receivables Management, LLC., as agent of Portfolio Recovery Associates, LLC, is ALLOWED in the amount of $15,328.95.  It is further

     **ORDERED** that  Debtors' *Verified Motion to Disallow Proof of Claim #10-1* (docket #41) is DENIED and Claim #10-1, filed by Premier Bankcard/Charter, is ALLOWED in the amount of $552.74.  It is further

     **ORDERED** that Debtors' *Verified Motion to Disallow Proof of Claim #11-1* (docket #43) is DENIED and Claim #11-1, filed by Back Bowl I LLC, Series B, is ALLOWED in the amount of $17,981.03.

     Dated this ____9th____ day of April, 2012.

                             **BY THE COURT:**

                             _Howard Tallman_

                             Howard R. Tallman, Chief Judge
                             United States Bankruptcy Court