UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

In re:                                              )
                                                    )
**MICHAEL RYAN REYNOLDS and**                       )   Case No. 11-30984 HRT
**LORRAINE DIANE REYNOLDS,**                        )
                                                    )   Chapter 13
**Debtors.**                                        )
                                                    )

## ORDER ON MOTION TO RECONSIDER

This case comes before the Court on Debtors' *Motion to Reconsider Order Allowing Claims* (docket #62) (the "Motion"). Debtors seek reconsideration of the Court's *Order Allowing Claims* (docket #59) (the "Claims Order")[1].

The Court normally reviews motions to reconsider its prior orders under FED. R. CIV. P. 60.[2] However, the posture of this particular case is unusual. It came before the Court following the creditors' default with respect to the Debtors' claim objections. The issue for the Court was whether the Debtors had requested relief that the Court could grant them. Given that posture, the Debtors had no opportunity, beyond the contents of their objections, to articulate in greater detail the reasons why they should have been entitled to the relief they sought. For that reason, the Court has accorded this matter a broader review than it would typically conduct under the narrow strictures of Rule 60.[3] The Court appreciates the Debtors' thoughtful presentation of their position. The Court has considered all of the Debtors' arguments and wants to make a few points but will not necessarily address each of Debtors' points in detail.

The Court's Claims Order focused on the narrow, purely legal, question of whether, in the absence of any substantive objection going to the amount or validity of the claim, a creditor's claim may be disallowed on account of its failure to attach complete documentation to its proof of claim in accordance with FED. R. BANKR. P. 3001(c)(1). Prior to the revision of Rule 3001, effective December 1, 2011, the Tenth Circuit Court of Appeals had answered that question in the affirmative. *Caplan v. B-Line, LLC (In re Kirkland)*, 572 F.3d 838, 840-41 (10th Cir. 2009). Consequently, the question before the Court was to what extent, if any, the December 1, 2011,

---

[1] *In re Reynolds*, 470 B.R. 138 (Bankr. D. Colo. 2012).

[2] Made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.

[3] The Debtors have elected not to appeal the Claims Order. It was issued on April 9, 2012, and this Motion was not filed until June 19, 2012. Instead, the Debtors have elected to limit their remedy to the Court's reconsideration pursuant to their Motion.

ORDER ON MOTION TO RECONSIDER
Case No. 11-30984 HRT

revisions to Rule 3001 affect the continued viability of the *Kirkland* decision with respect to that narrow issue.

The current version of Rule 3001(c) reads in relevant part:

(c) Supporting Information

(1) Claim Based on a Writing. When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

(2) *Additional Requirements in an Individual Debtor Case: Sanctions for Failure to Comply*. In a case in which the debtor is an individual:
. . .
(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
(i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
(ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

FED. R. BANKR. P. 3001(c) (2011).

The form of the Debtors' claim objections required the Court to focus solely on the legal issue concerning non-compliance with Rule 3001(c)(1) as that was the only basis for disallowance stated in each objection. In support of that position, the Debtors relied on the Tenth Circuit *Kirkland* decision.

The Debtors discuss difficulties involved in the assignment of claims. The Court recognizes that the emergence of entities that buy large numbers of bankruptcy claims causes debtors difficulty at times in reviewing the filed claims and tracing a particular claim back to an original creditor. In this particular case, those identification problems were not presented as the Debtors' claim objections identified the manner in which each of the debts was originally scheduled.

ORDER ON MOTION TO RECONSIDER
Case No. 11-30984 HRT

It appears that the drafters of the Bankruptcy Rules are also concerned with the problem of a debtor's ability to match up the creditor with whom the debtor incurred the obligation and a subsequent owner of the debt who files a claim in a bankruptcy case. Absent contrary congressional action, another revision to Rule 3001 takes effect on December 1, 2012. The coming revision will address that problem directly and also largely render the current discussion moot. The future revision adds a new Rule 3001(c)(3) applicable specifically to open-ended credit agreements like the claims at issue here. It will remove open-ended credit agreements entirely from the Rule 3001(c)(1) documentation requirement and substitute a requirement specifically tailored to open-ended credit arrangements. The claimant will be required to provide a statement that, among other information, provides the name of the entity from whom the creditor purchased the account and the name of the entity to whom the debt was owed at the time of the debtor's last account transaction.[4]

However, the Court must limit itself to the construction of the current version of Rule 3001. As discussed in the Court's Claims Order, both the rule and the official proof of claim form require the attachment of supporting documents to the proof of claim. Because the documentation attached to the proofs of claim did not fully comply with Rule 3001(c)(1)'s documentation requirements, the question was what penalty a creditor suffers when it fails to attach documents to its proof of claim that comply with Rule 3001(c)(1).

Prior to the December 1, 2011, revision to Rule 3001, the rule did not directly address that question. Courts in different jurisdictions came to differing conclusions. In this Circuit, construing the prior version of Rule 3001, the Tenth Circuit Court of Appeals made it clear that a creditor's claim could be disallowed solely on the basis that the creditor failed to comply with the documentation requirement of Rule 3001(c). *In re Kirkland*, 572 F.3d at 340-41. But, subsequently, Rule 3001(c) was revised. The current Rule 3001(c)(2)(D) now prescribes the penalty a creditor suffers if it "fails to provide any information required by" Rule 3001(c).

The Debtors argue that the Court's construction of the rule does not enforce a creditors's obligation to document its claim. But, now that the rule states directly and unambiguously what the penalty for con-compliance with Rule 3001(c)(1) is, it would be inappropriate for the Court to fashion a penalty for the creditors' non-compliance that is at odds with the consequences already stated in the rule itself.

The Debtors contend that a proof of claim that does not meet the documentation requirements of Rule 3001(c)(1) is not entitled to a *prima facie* presumption of validity. The Court is in full agreement with that proposition and that is exactly the effect of the new language in Rule 3001(c)(2)(D); it strips an undocumented proof of claim of *prima facie* validity. But

---

[4] FED. R. BANKR. P. 3001(c) (Westlaw) *[Text of subdivision (c) effective December 1, 2012, absent contrary Congressional action.]*.

Page 3 of 6

ORDER ON MOTION TO RECONSIDER
Case No. 11-30984 HRT

*prima facie* validity is an *evidentiary* issue. Rule 3001(c)(2)(D) now specifically provides that a creditor who fails to properly document its claim cannot appear at a hearing and, on the strength of the Rule 3001(f) presumption as to the amount and validity of its claim, shift the burden to the debtor. The rule goes farther. Not only does such a creditor lose the advantage of the Rule 3001(f) presumption, under the current rule, the creditor is likely to lose the ability to present the omitted documents as evidence at hearing.

But all of that presupposes a substantive objection to the claim. Prior to the revision of Rule 3001, the law in this Circuit permitted the disallowance of a claim solely on the basis that the creditor failed to document its claim in compliance with Rule 3001(c). But to continue to do so following the December 1, 2011, revision and the addition of new language in Rule 3001(c)(2)(D) would render that new language a nullity.

Rule 3001(c)(2)(D) imposes a penalty that, in most cases, deprives a creditor of the ability to offer omitted documents as evidence at the hearing on its proof of claim. That makes sense only in the context of an evidentiary hearing on the merits of the claim. Such a hearing is superfluous where the objection is based solely on non-compliance with Rule 3001(c)(1) because the merits of the claim have never been put at issue. At a hearing where the merits of a claim are not at issue, the penalty set out in Rule 3001(c)(2)(D) is meaningless because it only comes in to play at a hearing on the merits of a claim where a court would otherwise entertain the type of evidence required by Rule 3001(c)(1). The Court must assume the drafters of the rules intend for each provision have effect. The Court will not construe Rule 3001(c)(2)(D) out of existence by continuing to recognize non-compliance with Rule 3001(c)(1) as an independent and fully sufficient ground for disallowance of a claim.

Not only is it inconsistent with the revisions to Rule 3001 to continue to treat failure to comply with Rule 3001(c)(1) as an independent ground for claim disallowance, the commentary that the Court discussed in its Claims Order[5] flatly states that such failure is not an independent ground for claim disallowance. The Court interprets Rule 3001 based on the language of the rule itself and independent of the commentary. But the commentary provides additional support for the Court's conclusion.

The Debtors point out that their case was filed before the revision to the rules. But they filed the objections at issue here following the effective date of the revised Rule 3001. Rule 3001(c)(2)(D) became effective on December 1, 2011. The Debtors initiated these objections on January 19, 2012. Because a claim objection is a discrete matter within the bankruptcy case, the fact that the rule was revised after the bankruptcy case itself was filed does not present

---

[5] FED. R. BANKR. P. 3001 Advisory Committee Note (2011); Report of the Judicial Conference Committee on Rules of Practice and Procedure, 2011 US Order 0018 (April 26, 2011) (Westlaw).

ORDER ON MOTION TO RECONSIDER
Case No. 11-30984 HRT

retroactivity concerns where the objection under consideration by the Court was filed after the effective date of the revised rule.

Even if it did raise a concern with retroactive application of the rule revision, as the Court discussed in its Claims Order, the law with respect to retroactive application of rule revisions differs from the law with respect to retroactive application of statutory changes. *In re Reynolds*, 470 B.R. at 143. Court rules structure the manner in which a court addresses the substantive rights of the parties. Even if they influence the outcome of an issue, the rules do not establish substantive rights. The Debtors were never deprived of an opportunity to raise a substantive objection going to the merits of the creditors' claims. The Debtors raised no substantive objections. Instead, they raised only an objection based on the creditors' failure to comply with Rule 3001(c)(1).

In the Debtors' Motion, they raise questions about whether FIA Card Services holds a valid assignment making it the real party in interest with respect to debts the Debtors originally owed to Bank of America. Under Rule 3001(e), when a claim has been transferred prior to the filing of the proof of claim, only the transferee may file the claim. In that respect, FIA complied with the rules and it clearly identified its status as the successor in interest to Bank of America. However, Debtors' original objections to the FIA proofs of claim were based solely on the adequacy of documentation under Rule 3001(c)(1). Those objections to the FIA proofs of claim raised no substantive issue with respect to the validity of Bank of America's assignment of its claim to FIA. To the contrary, the Debtors' objections to the FIA claims freely acknowledged that "FIA Card Services, N.A." filed its claims "as successor in interest to Bank of America, N.A. (USA) and MBNA America Bank, N.A." (docket #37, ¶4; docket #39, ¶4).

The Court does appreciate the Debtors' discussion of their claim objections. However the Court is unable to harmonize prior case law with the December 1, 2011, revisions to Rule 3001. Both the language of the revised Rule 3001 and the accompanying commentary persuade the Court that the revised rule is intended to impose a strictly evidentiary penalty against a creditor who fails to comply with Rule 3001(c)(1). Where the creditor has not supplied documentation with its proof of claim, at a hearing on the merits, a debtor enjoys a substantial advantage because the creditor will be very restricted in its ability to produce evidence at hearing. But when the merits of a claim are never called into question there is no occasion to exact the evidentiary penalty called for by application of Rule 3001(c)(2)(D). The revised rule no longer supports the striking of a claim out of hand for failure to provide documentation.

Therefore, it is

ORDER ON MOTION TO RECONSIDER
Case No. 11-30984 HRT

     **ORDERED** that Debtors' *Motion to Reconsider Order Allowing Claims* (docket #62) is DENIED.

Dated this \_\_31st\_\_day of July, 2012.

                    **BY THE COURT:**

                      Howard R. Tallman, Chief Judge
                      United States Bankruptcy Court